**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____x

AMBER COLLINS,                              :    CASE NO. `1:13-CV-0197(TJM/CFH)`
                                 :
                 Plaintiff,    :
                                   :
       vs.                                      :
                                   :
                                   :    **COMPLAINT FOR VIOLATIONS OF**
                                   :       **THE FEDERAL FAIR DEBT**
NCO FINANCIAL SYSTEMS, INC.                 :    **COLLECTION PRACTICES ACT**
                                   :
                                   :        **DEMAND FOR JURY TRIAL**
              Defendant.   :
_____x

## I.  PRELIMINARY STATEMENT

1.     Plaintiff, AMBER COLLINS, brings this action for the illegal practices of the above-named Defendant who, _inter alia_, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect a debt allegedly owed by the Plaintiff.

2.     The Plaintiff alleges that the Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 _et seq._ ("FDCPA").

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

6.      Certain portions of  15 U.S.C. § 1692e require that a consumer demonstrate and allege that false, deceptive and misleading representations were "material" in that said representations affected a consumer's decision or ability to pay or challenge a debt.

7.      The Plaintiff seeks statutory damages and actual damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.


## II.  PARTIES

8.      The Plaintiff is a natural person.

9.      At all times relevant to the herein Complaint the Plaintiff resided in the Town of Clifton Park, Saratoga County, New York.

10.      The Plaintiff is a "consumer" as same is defined in the FDCPA.

11.      At all times relevant to this Complaint, Defendant NCO Financial Systems, Inc. (hereinafter "Defendant NCO") is a corporation authorized to do business in the State of New

York. Defendant NCO maintains its principal business address at located at 507 Prudential Road, Horsham, Pennsylvania.

12.     The Defendant is a "debt collector" as same is defined in the FDCPA.

### III.  JURISDICTION & VENUE

13.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

14.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant NCO is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING THE PLAINTIFF

15.     Sometime during the beginning of August, 2012, a male employed as a debt collector by the Defendant NCO telephoned the Plaintiff at her place of business for the purpose of collecting upon a student loan account owed by the Plaintiff.

16.     At the time of said telephone call the Plaintiff advised the male debt collector that she was not allowed to receive personal calls at her place of business as she works for a company that takes incoming telephone calls.

17.     In response to Plaintiff's directive not to communicate with her at her place of

business the male employed by the Defendant NCO advised the Plaintiff that he would "Note the file."

18.     The Plaintiff then provided the male debt collector with her personal cell telephone number.

19.     Despite advising the male employed by the Defendant not to telephone her at her place of employment, and despite providing her personal cell telephone number to said male debt collector to allow the Defendant NCO the ability to communicate with her via telephone, the Plaintiff received yet another telephone call at her place of employment, this time from a female debt collector employed by the Defendant NCO. Said telephone call was placed on August 16, 2012 at 11:06 a.m., several weeks after the telephone call placed by the male debt collector employed by the Defendant.

20.     The Plaintiff explained to the Defendant's female debt collector that she (the Plaintiff) had directed the prior male debt collector  to remove her office telephone number from the Defendant's call log as she (the Plaintiff) was not allowed to receive personal calls at her place of business.

21.     In response to the Plaintiff's statements (as set forth in paragraph 20 heretofore) the female debt collector advised the Plaintiff that she (the Plaintiff) had a "half hour" to call the Defendant back or a garnishment of the Plaintiff's wages would commence.

22.     The telephone conversation between the Plaintiff and the female debt collector then ended.

23.     In fear that her wages would be garnished as advised by the female debt collector, and in fear that the Defendant's employees would continue to call her at her place of employment thus placing her employment in jeopardy, the Plaintiff did telephone the Defendant

back within the 30 minute time period set by the female debt collector.

24.     The Plaintiff was then connected to another female debt collector employed by the Defendant (hereinafter "the second female debt collector").

25.     In the attempt to appease the Defendant and to prevent further telephone calls to her place of employment, the Plaintiff agreed to tender a minimum $75.00 payment to stop the threatened garnishment process. The Plaintiff then provided her personal checking information to the second female debt collector to set up this $75.00 payment.

26.     The second female debt collector then transferred the Plaintiff to a male debt collector employed by the Defendant ("the second male debt collector").

27.     The second male debt collector advised the Plaintiff that he was going to "verify" her payment. In fact, the second male debt collector arranged for the Plaintiff to be placed on a payment plan. This payment plan was set up without the consent of the Plaintiff.

28.     After the telephone conversation with the second male debt collector ended  the Plaintiff felt as if she was forced into a payment plan which she could not afford and also felt very uncomfortable providing the Defendant with her personal checking account information.

29.     The threat to commencement garnishment procedures within a half hour was false, deceptive and misleading as it created a false sense of urgency.

30.     The threat to commencement garnishment procedures within a half hour was "material" in that it affected the Plaintiff's ability to pay her debt in that she called back and agreed to make a $75.00 payment. If the false threat of garnishment had not been stated then the Plaintiff would have simply directed the Defendant's debt collectors not to contact her at work and would have dealt with her student loan account at a later date.

31.     At all times relevant to this Complaint, all of the above-described persons who

communicated with the Plaintiff in were employed by the Defendant NCO and all of their respective acts described herein were undertaken during the scope of their employment with the Defendant NCO.

32.     As a result of the facts set forth heretofore herein the Plaintiff was caused suffer stress and anxiety.


## V.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

34.     Defendant NCO violated the FDCPA. Defendant's violations include:

a)   violation of 15 U.S.C. sec. 1692e in that false, deceptive and misleading debt collection practices were invoked by the Defendant NCO in regard to the attempts to collect an alleged personal debt;

b)   violation of 15 U.S.C. sec. 1692c(a)(3) by communicating with the Plaintiff at her place of employment with knowledge that the Plaintiff's employer prohibited her from receiving personal telephone calls.


## VI. PRAYER FOR RELIEF

35.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

(i)       An award of the maximum statutory damages pursuant to 15 U.S.C. sec. 1692k(a)(B);

(ii)      Actual damages pursuant to 15 U.S.C. sec. 1692k(a)(1);

(iii)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.


DATED:         New York, New York
               February 20, 2013

                                  / s / Robert L. Arleo
                                  ROBERT L. ARLEO, ESQ. (RA-7506)
                                  380 Lexington Avenue, 17th Fl.
                                  New York, New York   10168
                                  Telephone:  (212) 551-1115
                                  Facsimile:   (518) 751-1801

                                  *Attorney for Plaintiff Amber Collins*